## Case No. 14,835.

### UNITED STATES v. COLLINS.

[1 Cranch, C. C. 592.] [1]

Circuit Court, District of Columbia. Dec. Term, 1809.

BASTARDY—WITNESS—LIKENESS OF CHILD TO DEFENDANT—CONFESSION—JUDGMENT—BOND OF INDEMNITY.

1. The mother of a bastard is a competent witness for the United States on an indictment of the supposed father, under the Maryland act of 1781 (chapter 13), and may be cross-examined as to her connection with other persons.

2. Evidence of a likeness of the child to its supposed father is not admissible.

3. The confession of the defendant having been given in evidence, he was not permitted to give evidence of his declarations at the same time, that others also had had connection with her.

4. The only judgment which the court can give upon a conviction under the statute is, that the defendant give security to indemnify the county from any charge for the maintenance of the child.

5. The order for paying £30 a year can only be made by a justice of the peace, under the act of 1796 (chapter 34).

Indictment [against David Collins] for not supporting a bastard child, under the act of Maryland of 1781 (chapter 13). The mother was received as a competent witness, although she was to be relieved from the charge of maintaining the child, by convicting the defendant.

Mr. Jones, for the United States, objected to the cross-examination as to her connection with others.

THE COURT limited the inquiry to a period not more than twelve months nor less than six before the birth of the child. But permitted the examination within that period.

THE COURT refused to admit the testimony of witnesses to prove the likeness between the defendant and the child.

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

The confession of Collins being given in evidence against him,

· F. S. Key, for defendant, asked whether Collins did not at the same time say that other persons also had had criminal conversation with her.

THE COURT refused to permit the question to be put.

The jury found the defendant guilty.

THE COURT ordered the traverser to give security in $250 to indemnify the county; and for want of such security, committed him to the custody of the marshal. The next day he offered bail, and the counsel for the prosecution had included in the condition of the recognizance a clause that the traverser should pay £30 per annum to the mother so long as she should have the custody of the infant; but the court ordered it struck out, that being a matter within the exclusive jurisdiction of a justice of the peace, under the Maryland act of 1796 (chapter 34).